UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Polaris Images Corp., <br><br> Plaintiff, <br><br> v. <br><br> Independent Digital News and Media, LLC and Bevan Hurley <br><br> Defendant. | Case No: <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Polaris Images Corp. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Independent Digital News and Media, LLC ("*Independent*") and Bevan Hurley ("Hurley") (collectively Independent and Hurley are referred to as "*Defendants*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a video of missing child known as "Baby Holly" reuniting with family (the "Video") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Independent is a media company which provides content to a website at URL: www.independent.co.uk (the "*Website*").

4. Hurley is a general news reporter and employee at Independent that is based in New York (https://www.independent.co.uk/author/bevan-hurley).

1

5. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff is a corporation in the State of New York and maintains a principal place of business in Sullivan County, New Hampshire.

7. Upon information and belief, Independent is a Delaware limited liability company with a principal place of business at 41 East 11th St, New York, New York.

8. Upon information and belief Hurley is an employee of Independent with a principal place of business at 41 East 11th St, New York, New York.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Independent Digital News and Media LLC because it maintains its principal place of business in New York.

11. This Court has personal jurisdiction over Hurley because he maintains his principal place of business in New York.

12. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.   Plaintiff's Copyright Ownership**

13. On or about October 19, 2022, Plaintiff entered into a written copyright assignment

agreement with third-party Michele Eve Sandberg ("Sandberg"), who was retained to video a family reunion to be held on November 4, 2022. Under the terms of said assignment agreement, Plaintiff acquired all rights in and to any videos taken by Sandberg at the family reunion.

14. Plaintiff acquired the rights to Sandberg's videos of the family reunion with the intention of using them commercially and for the purpose of display and/or public distribution.

15. On November 4, 2022, Plaintiff authored the Video. A copy of the Video is attached hereto as Exhibit 1.

16. On or about November 7, 2022, Plaintiff published the Video by commercially licensing it to ABC News for the purpose of display and/or public distribution.

17. On December 3, 2022, the Video was registered by the USCO under Registration No. PA 2-389-965.

18. Sandberg created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

19. Plaintiff published the Video by commercially licensing it to the NY Post and ABC News for the purpose of display and/or public distribution.

**B.    Defendants' Infringing Activity**

20. On or about November 7, 2022, as part of his duties for Independent, Hurley authored a story in which he selected and then copied a still frame from the Video as part of the on-line story at URL: https://www.independent.co.uk/news/world/americas/baby-holly-reunited-family-texas-b2219785.html. A copy of a screengrab including the still frame from the Video is attached hereto as Exhibit 2.

21. The still frame from the Video was stored at URL: https://static.independent.co.uk/2022/11/07/19/Screen%20Shot%202022-11-

07%20at%202.08.11%20PM.png.

22.     Upon information and belief, at all material times Hurley was acting within the course and scope of his employment for Independent when he created and posted the Infringement thereby rendering Independent vicariously liable for his actions.

23.     Without permission or authorization from Plaintiff, Defendants volitionally copied and thereafter caused the display of a still frame from Plaintiff's copyright protected Video on the Website.

24.     Upon information and belief, the Video was copied and displayed by Defendants without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

25.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5)*.

26.     The Infringement is a still frame from Plaintiff's original video that was directly copied and displayed by Defendant on the Website.

27.     Plaintiff first observed and actually discovered the Infringement on November 29, 2022.

28.     Upon information and belief, the still frame from the Video was willfully and volitionally posted to the Website by Defendants.

29.     Upon information and belief, Defendants engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

30.     Upon information and belief, Defendants received a financial benefit directly

attributable to the Infringement.

31. Upon information and belief, a large number of people have viewed the unlawful copy of the Video frame on the Website.

32. Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

33. Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

34. Defendants' use of the Video in this manner, if widespread, would harm Plaintiff's potential market for the Video.

35. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

36. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

37. The Video is an original, creative work in which Plaintiff owns a valid copyright.

38. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

39. Plaintiff has not granted Defendants a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

40. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and illegally copied, reproduced, distributed, adapted, and caused the public display of works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

41. Upon information and belief, Defendants willfully infringed upon Plaintiff's

copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Website.

42. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

43. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

44. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

45. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed upon Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

  a. finding that Defendants infringed upon Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre-judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: September 7, 2023

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127302

*Attorneys for Plaintiff*